IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE HOLLOWELL, | No. C-10-1658 MMC |
| Plaintiff, | **ORDER DEFERRING RULING ON ORDER TO SHOW CAUSE; AFFORDING PLAINTIFF OPPORTUNITY TO FILE SUPPLEMENTAL RESPONSE** |
| v. | |
| ALLIANCE BANCORP, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff Christie Hollowell's ("Hollowell") response, filed January 17, 2011, to the Court's December 17, 2010 order directing Hollowell to show cause why her claims against defendant Alliance Bancorp, Inc. ("Alliance") should not be dismissed for failure to serve Alliance.[1] Having read and considered Hollowell's response, the Court hereby rules as follows.

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

---

[1] By order filed January 21, 2011, the Court directed Hollowell to comply with General Order 45 and the Court's Standing Orders by submitting a chambers copy of her response to the motion. Hollowell, however, failed to comply. All parties are expected to comply with court orders without repeated reminders. Accordingly, Hollowell is hereby advised that for any further failure to comply with General Order 45, the Court will impose sanctions, including, but not limited to, striking from the record any electronically-filed document of which a chambers copy has not been timely provided to the Court.

Fed. R. Civ. P. 4(m).  A district court "must extend" the deadline to serve upon a showing of "good cause" and has discretion to extend the deadline upon a showing of "excusable neglect."  See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).

      Here, Hollowell initially filed her complaint in Bankruptcy Court on November 13, 2009, and, to date, although more than a year has passed, has not filed proof of service of the summons and complaint on Alliance.  In her response to the order to show cause, Hollowell states that her prior counsel has failed to provide her current counsel with information as to why Alliance has not been served.  To the extent Hollowell may be asserting good cause to excuse the failure to serve exists because any omission must have been the fault of her prior counsel, the Court disagrees.  See Link v. Wabash R. Co., 370 U.S. 626, 634 (1962) (holding in "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent").  Nevertheless, the Court will afford Hollowell one further opportunity to obtain the requisite information from prior counsel and/or otherwise show cause why an extension to serve is warranted.

      Accordingly, the Court hereby DEFERS ruling on its Order to Show Cause; Hollowell's supplemental response thereto, if any, shall be filed on or before February 18, 2011.

**IT IS SO ORDERED.**

Dated: January 27, 2011

MAXINE M. CHESNEY
United States District Judge