IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE HOLLOWELL,<br><br>          Plaintiff,<br><br>   v.<br><br>ALLIANCE BANCORP, INC., et al.,<br><br>          Defendants.<br>_____/ | No. C-10-1658 MMC<br><br>**ORDER GRANTING DEFENDANT SELECT PORTFOLIO SERVICING'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING FEBRUARY 4, 2011 HEARING** |

Before the Court is defendant Select Portfolio Servicing's ("SPS") "Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)," filed October 20, 2010, as amended December 13, 2010. Plaintiff Christie Hollowell ("Hollowell") has filed a response thereto, titled "Objection."[1] SPS has not filed a reply. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 4, 2011, and rules as follows.

In her complaint, Hollowell alleges nine claims for relief, consisting of federal claims

---

[1] By order filed January 21, 2011, the Court directed Hollowell to comply with General Order 45 and the Court's Standing Orders by submitting a chambers copy of her response to the motion. Hollowell, however, failed to comply. All parties are expected to comply with court orders without repeated reminders. Accordingly, Hollowell is hereby advised that for any further failure to comply with General Order 45, the Court will impose sanctions, including, but not limited to, striking from the record any electronically-filed document of which a chambers copy has not been timely provided to the Court.

brought under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), as well as claims brought under state law,[2] each arising from the origination of a loan secured by certain real property located in Oakland, California and owned by Hollowell.  SPS moves to dismiss the complaint on the ground that Hollowell fails, inter alia, to allege sufficient facts to give notice to SPS as to the basis of any of the claims alleged against it.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In determining whether a claim has facial plausibility, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See id. at 1950 (internal quotation and citation omitted).

Here, Hollowell's claims, as presently pleaded, are based on legal conclusions and conclusory statements couched as factual allegations.  (See, e.g., Compl. ¶ 53 (alleging "[d]efendants engaged in unlawful, unfair and fraudulent business acts"); see also, e.g., id. ¶ 19 (alleging "[d]efendants violated the law when they provided undisclosed financial incentives, fees, payments and other things of value to their agents, account executives, loan officers and brokers marketing and selling their product").)  Further, the factual allegations in the complaint, whether conclusory or not, appear to relate solely to acts and omissions of defendant Alliance Bankcorp. Inc. ("Alliance").  (See, e.g., id. ¶ 34 (alleging Alliance, when it approved Hollowell for a loan, "failed to meaningfully disclose the possibility of significant interest rate increases").)[3]

---

[2] The state law claims, as alleged in the complaint, appear to be derivative of Hollowell's TILA and/or RESPA claims.

[3] SPS requests the Court take judicial notice of Hollowell's deed of trust, which identifies Alliance as the "lender" from whom Hollowell obtained the subject loan.  (See Def.'s Req. for Judicial Notice Ex. 1.)  SPS's request, which is unopposed by Hollowell, is hereby GRANTED.

Moreover, Hollowell has failed to sufficiently allege either a TILA or RESPA claim against SPS. First, Hollowell's TILA claims against SPS fail as pleaded, for the reason that Hollowell has not alleged any facts to support a finding that SPS is a "creditor" for purposes of TILA. See 15 U.S.C. § 1640(a) (providing requirements imposed by TILA apply only to "creditor"). Second, Hollowell's RESPA claim against SPS, which is based on a theory that improper "lender payments" were made to "mortgage brokers" (see Compl. ¶ 63), fails as pleaded, for the reason that Hollowell has not alleged any facts to support a finding that SPS was a lender, much less that SPS made payments to a mortgage broker. Finally, because any violation of TILA or RESPA necessarily occurred at the time Hollowell entered into the subject loan transaction in November 2006 (see Compl. ¶ 27), Hollowell's claims for damages under both TILA and RESPA are untimely, see 15 U.S.C. § 1640(e) (providing claim seeking monetary relief under TILA must be brought within one year of date of occurrence of violation); 12 U.S.C. § 2614 (providing RESPA claim based on improper payments to mortgage broker must be brought within one year of date of occurrence of violation), Hollowell having failed to allege any facts to support a finding that she is entitled to equitable tolling.[4]

Accordingly, the Court finds the complaint is, as against SPS, subject to dismissal for failure to state a claim.

In her response to the motion, Hollowell asserts that if afforded leave to amend, she could allege facts to state, as against SPS, cognizable and timely TILA and RESPA claims, as well as related state law claims. Although Hollowell fails to identify any of the new facts she is prepared to allege, the Court will afford Hollowell the opportunity to amend her complaint.

//

//

---

[4] The complaint initially was filed in Bankruptcy Court in November 2009, i.e., approximately three years after the date on which Hollowell entered into the subject loan transaction.

3

**CONCLUSION**

For the reasons stated above, SPS's motion to dismiss is hereby GRANTED, and the complaint, to the extent brought against SPS, is DISMISSED with leave to amend.

Any First Amended Complaint shall be filed no later than February 18, 2011. If Hollowell fails to timely file a First Amended Complaint, the instant action will consist of the claims alleged against Alliance in the initial complaint.

**IT IS SO ORDERED.**

Dated: January 27, 2011

_____
MAXINE M. CHESNEY
United States District Judge