IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE HOLLOWELL,<br><br>　　　　Plaintiff,<br>　v.<br>ALLIANCE BANCORP, INC., et al.,<br><br>　　　　Defendants._____/ | No. C-10-1658 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

　　Before the Court is defendants U.S. Bank National Association ("U.S. Bank") and Select Portfolio Servicing, Inc.'s ("SPS") motion, filed April 1, 2011, to dismiss plaintiff Christie Hollowell's First Amended Complaint ("FAC"). No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows:[1]

　　1. Plaintiff's first cause of action, titled "Breach of Contract," is subject to dismissal. Plaintiff has failed to allege that she either complied with the contractual provision requiring her to afford defendants the opportunity to cure any asserted breach of the terms of the Deed of Trust prior to filing suit (see Defs.' Req. for Judicial Notice Ex. A § 20),[2] or that she is excused from having to so comply. Further, contrary to plaintiff's allegation, the terms of

---

[1] By order filed April 19, 2011, the Court took the matter under submission.

[2] Defendants' request for judicial notice of the terms of the Deed of Trust is GRANTED.

1  the Deed of Trust did not require U.S. Bank to give plaintiff notice that it had purchased the
2  note from Alliance Bancorp, Inc. ("Alliance"), the initial lender.[3]  (See id. Ex. A).  Lastly,
3  plaintiff fails to allege she incurred any damage as a result of such asserted failure or as a
4  result of any failure on the part of U.S. Bank to notify her of the change to SPS as the
5  servicer of plaintiff's loan.  See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1969) (holding
6  one of "essential elements to be pleaded in an action for breach of contract" is "resulting
7  damage to plaintiff").

8      2.  Plaintiff's second cause of action, titled "Breach of Implied Covenant of Good
9  Faith and Fair Dealing," is subject to dismissal because plaintiff fails to allege any facts to
10 support a finding that U.S. Bank frustrated plaintiff's rights to receive contractual benefits
11 when it assertedly failed to advise her it had purchased the loan from Alliance.  See Waller
12 v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995) (holding "covenant [of good faith and
13 fair dealing] is implied as a supplement to the express contractual covenants, to prevent a
14 contracting party from engaging in conduct that frustrates the other party's rights to the
15 benefits of the agreement").

16     3.  Plaintiff's third cause of action, titled "Rescission of Contract," is subject to
17 dismissal, because plaintiff fails to allege sufficient facts to support her conclusory assertion
18 that "enforcement of the contract would be unconscionable."  (See FAC ¶ 41.)  Plaintiff's
19 allegation that she "requested" a loan with a fixed interest rate, but, instead "was given" a
20 loan with an adjustable rate (see FAC ¶¶ 11, 41) is not, standing alone, a cognizable basis
21 to void the loan agreement.

22     4.  Plaintiff's fourth cause of action, titled "Quiet Title," is subject to dismissal
23 because plaintiff fails to allege any facts to support a finding that U.S. Bank lacks a valid
24 interest in the real property identified in the Deed of Trust.  For the reasons discussed
25 above with respect to the third cause of action, plaintiff has not alleged a cognizable basis
26 for rescission of the loan.  Further, to the extent the fourth cause of action is based on

---

[3] By order filed February 28, 2011, the Court dismissed plaintiff's claim against Alliance for failure to timely effectuate service of process.

actions taken by defendants Mortgage Electronic Registration System, Inc. ("MERS") and/or Quality Loan Services Corporation ("Quality") (see FAC ¶ 47), plaintiff fails to allege any facts to support a finding that such actions have or had any effect on the validity of U.S. Bank's interest in the property.

5. Plaintiff's fifth cause of action, titled "Fraudulent Misrepresentations," is not asserted against either U.S. Bank or SPS.[4]

6. Plaintiff's sixth cause of action, titled "Unjust Enrichment," is subject to dismissal, because, even assuming "unjust enrichment" is a cause of action as opposed to a remedy, plaintiff fails to allege any basis for a finding that either U.S. Bank or SPS has been unjustly enriched.

7. Plaintiff's seventh cause of action, titled "Fraudulent Omissions," is subject to dismissal. Plaintiff's allegation that U.S. Bank "fraudulently" failed to comply with a contractual duty to advise plaintiff it had purchased the loan (see FAC ¶ 64) is insufficient to support a claim; as discussed above with respect to the first cause of action, the Deed of Trust does not require such disclosure. Further, although U.S. Bank did have a contractual duty to notify her that the loan would be serviced by a new servicer, plaintiff fails to allege that any delay in such notification (see FAC ¶¶ 17, 22, 65) caused her any damage. See Hahn v. Mirda, 54 Cal. App. 4th 740, 748 (2007) (holding "as a result of the concealment or suppression of [a] fact, the plaintiff must have sustained damage").

8. Plaintiff's eighth cause of action, titled "Restitution after Rescission of Credit Transaction," is subject to dismissal, because, as stated above with respect to the third cause of action, plaintiff fails to allege any cognizable basis to rescind the loan agreement.[5]

//

---

[4] The fifth cause of action is asserted only against former defendant Alliance.

[5] In her eighth cause of action, plaintiff includes an allegation that SPS "had the responsibility to report" to "reporting agencies" that it was servicing the loan. (See FAC ¶ 68.) Plaintiff neither explains why SPS would have such a responsibility nor how SPS's alleged failure to report information to reporting agencies would entitle her to rescind her agreement with U.S. Bank.

9. Plaintiff's ninth cause of action, titled "Truth in Lending Act (TILA) Violations," is subject to dismissal because the only defendant named thereto, SPS, is a loan servicer (see FAC ¶ 72), and a TILA claim can only be asserted against a "creditor." See 15 U.S.C. § 1640(a) (providing requirements imposed by TILA apply only to "creditor").

10. Plaintiff's tenth cause of action, titled "Real Estate Settlement Procedures Act of 1974 (RESPA) Violations," is subject to dismissal, because, contrary to plaintiff's allegations, nothing in RESPA requires notice when a loan is transferred to a new lender.

11. Plaintiff's eleventh cause of action, titled "Violation of Financial Code § 4970 - Regulating Consumer Loans Secured by Real Property," is subject to dismissal. The claim is based on the allegation that U.S. Bank "should have disclosed to [p]laintiff" that it had purchased the loan from Alliance and that SPS would be servicing the loan. (See FAC ¶ 82.) Section 4973(a)(2)(A), the section of the California Finance Code on which plaintiff relies, however, does not pertain to transfers, but, rather, concerns the circumstances under which a lender may charge prepayment fees or penalties.[6]

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the First Amended Complaint, as alleged against U.S. Bank and SPS, is hereby DISMISSED.

The Court will afford plaintiff an opportunity to file, no later than May 20, 2011, a Second Amended Complaint to cure the deficiencies identified above. Plaintiff may not, however, add any new claims or new defendants without first obtaining leave of court.

In the event plaintiff does not elect to file a Second Amended Complaint, the instant action will consist of the claims in the FAC against MERS and Quality.

//
//
//

---

[6]The eleventh cause of action does include an allegation that Alliance's inclusion of a prepayment penalty in the loan agreement was improper under § 4973. (See FAC ¶¶ 80, 81.) As noted, however, plaintiff's claims against Alliance have been dismissed.

4

In light of the above rulings, the Case Management Conference is hereby CONTINUED from May 13, 2011 to June 24, 2011.  A Joint Case Management Statement shall be filed no later than June 17, 2011.

**IT IS SO ORDERED.**

Dated: April 29, 2011

MAXINE M. CHESNEY
United States District Judge