1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTIE HOLLOWELL,

       Plaintiff,

  v.

ALLIANCE BANCORP, INC., et al.,

       Defendants.

_____/

No. C-10-1658 MMC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS SECOND
AMENDED COMPLAINT; VACATING
HEARING**

Before the Court is the motion, filed June 15, 2011 by defendants U.S. Bank

National Association ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS") (collectively,

"moving defendants"), to dismiss plaintiff Christie Hollowell's Second Amended Complaint

("SAC").  Plaintiff has filed opposition, titled "Objection."  U.S. Bank and SPS did not file a

reply.  Having read and considered the papers filed in support of and in opposition to the

motion, the Court finds the matter suitable for decision on the parties' respective written

submissions, VACATES the hearing scheduled for July 22, 2011, and rules as follows:

      1.  Plaintiff's First Claim, alleged against U.S. Bank and titled "Breach of Contract,[1]

is subject to dismissal.  Plaintiff has failed to cure the deficiency identified in the Court's

_____

[1]The first cause of action and certain other causes of action are also alleged against
Alliance Bancorp, Inc. ("Alliance").  By order filed February 28, 2011, the Court dismissed
plaintiff's claims against Alliance, for failure to timely effectuate service of process.

April 29, 2011 order dismissing the First Amended Complaint ("FAC"); specifically, plaintiff again fails to allege that she either complied with the contractual provision requiring her to afford defendants the opportunity to cure any asserted breach of the terms of the Deed of Trust prior to filing suit (see Defs.' Req. for Judicial Notice Ex. A § 20),[2] or that she is excused from having to so comply.  Additionally, to the extent plaintiff bases the First Claim on a theory that U.S. Bank failed to comply with an "agreement to rescind the loan" (see SAC ¶ 42), said claim fails, as plaintiff alleges that no such agreement was reached (see SAC ¶ 29 (alleging SPS, the loan servicer, "entered into negotiations with [p]laintiff on a loan recession" [sic], but "[t]hese negotiations broke down when [SPS] did not want to complete the contract rescission process by offering a loan modification")).

2.  Plaintiff's Second Claim, alleged against U.S. Bank and titled "Breach of Implied Covenant of Good Faith and Fair Dealing," is subject to dismissal.  Plaintiff has failed to cure the deficiency identified in the Court's April 29, 2011 order; specifically, plaintiff again fails to allege any facts to support a finding that U.S. Bank frustrated plaintiff's rights to receive a contractual benefit when it assertedly failed to advise her it had purchased the loan from Alliance.  See Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995) (holding "covenant [of good faith and fair dealing] is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement").  Although plaintiff asserts that her failure to be so informed made it difficult for her to begin negotiations for a loan rescission, the loan agreement does not provide any contractual right to such negotiations.  (See Defs.' Req. for Judicial Notice Ex. A.)

3.  Plaintiff's Third Claim, alleged against SPS and titled "Rescission of Contract," is subject to dismissal.  Plaintiff has failed to cure the deficiency identified in the Court's April 29, 2011 order; specifically, plaintiff again fails to allege any facts to support a finding that //

_____

[2]The moving defendants' unopposed request for judicial notice of the terms of the Deed of Trust is hereby GRANTED.

2

1   a cognizable ground to rescind the loan agreement exists.[3]  To the extent plaintiff may be

2   relying on a theory that the initial lender engaged in fraud when it allegedly told her the loan

3   she was offered was a "fixed rate" loan, plaintiff's claim fails, because she is presumed to

4   have read the terms of the loan and, consequently, cannot establish the "necessary

5   element" of "reasonable reliance."  See Brown v. Wells Fargo Bank, NA, 168 Cal. App. 4th

6   938, 958-59 (2008) (holding, where parties to contract do not have fiduciary relationship,

7   plaintiff cannot establish fraud claim based on theory defendant "misrepresented the nature

8   of the contract"; such plaintiff is presumed to have read contract and thus cannot establish

9   reliance on allegedly false statement).

10        4. Plaintiff's Fourth Claim, alleged against U.S. Bank and titled "Quiet Title," is

11   subject to dismissal.  Plaintiff has failed to cure the deficiency identified in the Court's April

12   29, 2011 order; specifically, plaintiff again fails to allege any facts to support a finding that

13   U.S. Bank lacks a valid interest in the real property identified in the Deed of Trust.  In

14   particular, as discussed above with respect to the third cause of action, plaintiff has not

15   alleged a cognizable basis for rescission of the loan.

16        5. Plaintiff's Fifth Claim, titled "Fraudulent Misrepresentations," is not asserted

17   against either U.S. Bank or SPS.[4]

18        6. Plaintiff's Sixth Claim, alleged against U.S. Bank and SPS and titled "Unjust

19   Enrichment," is subject to dismissal.  Plaintiff has failed to cure the deficiency identified in

20   the Court's April 29, 2011 order; specifically, although plaintiff now alleges that U.S. Bank

21   and SPS have earned or are likely to earn money from her loan (see SAC ¶¶ 71-73),

22   plaintiff again fails to allege any facts to support a finding that either U.S. Bank or SPS has

23   been or will be unjustly enriched.

24        7. Plaintiff's Seventh Claim, alleged against U.S. Bank and SPS and titled

25   "Fraudulent Omissions," is subject to dismissal.  Plaintiff has failed to cure the deficiencies

26   _____

27        [3]Although SPS, the only defendant named in the Third Claim, is not a party to the
    loan agreement, the moving defendants have not sought dismissal on such ground.

28        [4]The Fifth Claim is asserted only against former defendant Alliance.

1    identified in the Court's April 29, 2011 order; specifically, plaintiff again fails to allege any

2    facts to support a finding that U.S. Bank had a duty to advise plaintiff it had purchased the

3    loan, or that plaintiff suffered any damage as a result of any delay by U.S. Bank or SPS in

4    notifying plaintiff that SPS had become the loan servicer.  To the extent plaintiff additionally

5    bases the claim on an allegation that SPS "fraudulently" failed to advise her that U.S. Bank

6    was the lender, the claim fails because plaintiff fails to allege any facts to support a finding

7    that SPS had a duty to so advise plaintiff.  See Hahn v. Mirda, 54 Cal. App. 4th 740, 748

8    (2007) (holding plaintiff, to state viable claim for fraud based on "concealment," must allege

9    defendant was "under a duty to disclose the fact to the plaintiff").

10          8. Plaintiff's Eighth Claim, alleged against U.S. Bank and SPS and titled "Restitution

11   After Rescission of Credit Transaction," is subject to dismissal.  First, as stated above with

12   respect to the Third Claim, plaintiff has failed to allege a cognizable basis for rescission.

13   Second, as the Court stated in its April 29, 2011 order, plaintiff fails to explain how SPS's

14   alleged failure to inform "credit reporting bureaus" that SPS had become the loan servicer

15   and/or that U.S. Bank had become the lender (see SAC ¶ 85) would entitle her to rescind

16   her agreement with U.S. Bank.

17          9. Plaintiff's Ninth Claim, alleged against SPS and titled "Truth in Lending Act

18   (TILA) Violations," is subject to dismissal, because, as explained in the Court's April 29,

19   2011 order, the only defendant named thereto, SPS, is a loan servicer (see SAC ¶ 87), and

20   a TILA claim can only be asserted against a "creditor."  See 15 U.S.C. § 1640(a) (providing

21   requirements imposed by TILA apply only to "creditor"); 15 U.S.C. § 1641(f)(1) (providing

22   "servicer of a consumer obligation arising from a consumer credit transaction shall not be

23   treated as an assignee of such obligation for purposes of this section unless the servicer is

24   or was the owner of the obligation").

25          10.  Plaintiff's Tenth Claim, alleged against SPS and titled "Real Estate Settlement

26   Procedures Act of 1974 (RESPA) Violations," is subject to dismissal.  As the Court stated in

27   its April 29, 2011 order, nothing in RESPA requires notice when a loan is transferred to a

28   new lender, and the Tenth Claim is, again, based on SPS's alleged failure to identify the

4

1  "actual lender on the loan."  (See SAC ¶ 94.)

2  11.  Plaintiff's Eleventh Claim, alleged against U.S. Bank and titled "Violation of

3  Financial Code § 4970 - Regulating Consumer Loans Secured by Real Property," is subject

4  to dismissal.  As the Court stated in its April 29, 2011 order, the statute on which plaintiff

5  relies does not require an assignee of a mortgage to provide notice to the mortgagor, and

6  the Eleventh Claim is, again, based on such allegation.  (See SAC ¶ 98.)  Further, to the

7  extent plaintiff seeks to hold U.S. Bank liable for alleged violations by Alliance and/or under

8  the theory that U.S. Bank had an obligation to cure any violation by Alliance (see SAC

9  ¶¶ 97, 99), the claim fails, for the reason that the section of the Financial Code on which

10  plaintiff relies applies only to an entity that "originates" a loan, see Cal. Fin. Code

11  § 4973(a)(2)(B), and a subsequent assignee cannot be held liable for violations by the

12  originator, see Cal. Fin. Code § 4979.8 ("The provisions of this division shall not impose

13  liability on an assignee that is a holder in due course.").

14  12.  Plaintiff, in her opposition, requests further leave to amend, in an effort to state

15  a claim against U.S. Bank and/or SPS.  Plaintiff has failed, however, to identity any new

16  factual allegation(s) she could make as to either U.S. Bank or SPS that would state a

17  cognizable claim against U.S. Bank and/or SPS.  Moreover, the Court has already afforded

18  plaintiff two opportunities to amend, and plaintiff, on each occasion, has failed to state any

19  claim against either U.S. Bank or SPS.  Under such circumstances, the Court finds further

20  leave to amend, as against U.S. Bank or SPS, is unwarranted.  See, e.g., Allen v. City of

21  Beverly Hills, 911 F. 2d 367, 373-74 (9th Cir. 1990) (holding district court did not err in

22  declining to afford plaintiff opportunity to amend, where plaintiff had unsuccessfully

23  attempted to amend to cure deficiencies and failed to identify how further amendment

24  would result in his alleging cognizable claim).

25  //

26  //

27  //

28  //

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the Second Amended Complaint, as alleged against U.S. Bank and SPS, is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: July 19, 2011

_____
MAXINE M. CHESNEY
United States District Judge

6