IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE HOLLOWELL, | No. 10-1658 MMC |
| Plaintiff, | **ORDER EXTENDING DEADLINE TO SERVE DEFENDANT MERS; AFFORDING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT FOR LIMITED PURPOSE; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| ALLIANCE BANCORP, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff's Response, filed July 1, 2011, to the Court's June 22, 2011 order directing plaintiff to show cause why her claims against defendants Mortgage Electronic Registration System, Inc. ("MERS") and Quality Loan Services Corporation ("Quality") should not be dismissed for failure to serve within the time required by Rule 4(m) of the Federal Rules of Civil Procedure. Having read and considered plaintiff's response, the Court rules as follows.

Plaintiff has shown the failure to timely serve MERS was the result of excusable neglect, and, consequently, the Court will afford plaintiff an extension of time to serve MERS.[1] The Court notes, however, that plaintiff has not named MERS as a defendant to

---

[1] On July 15, 2011, Quality appeared by filing a document titled "Declaration of Nonmonetary Status," indicating therein its belief that it has been named solely in its capacity as a trustee. Quality has not, in such filing or otherwise, challenged the timeliness of plaintiff's service. Accordingly, the Court will take no further action with respect to plaintiff's service of Quality.

any of the eleven causes of action alleged in the operative pleading, specifically, the Second Amended Complaint ("SAC").  Consequently, it would be futile to serve the SAC on MERS, because said pleading, on its face, fails to state any claim for relief against MERS.

Under such circumstances, the Court hereby affords plaintiff leave to file, no later than August 5, 2011, a Third Amended Complaint, for the limited purpose of stating therein, if she can, any claim(s) against MERS, and extends to September 3, 2011, the time to serve the summons and said pleading on MERS; proof of such service must be filed no later than September 10, 2011.

If plaintiff fails to file a Third Amended Complaint on or before August 5, 2011, and/or fails to timely file proof of service of a Third Amended Complaint on MERS, the Court will dismiss the instant action as against MERS.

Finally, in light of the above, the Case Management Conference is hereby CONTINUED from August 26, 2011 to October 7, 2011, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than September 30, 2011.

**IT IS SO ORDERED.**

Dated: July 19, 2011

MAXINE M. CHESNEY
United States District Judge

2