**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE HOLLOWELL, | No. 10-1658 MMC |
| Plaintiff, | **ORDER OF DISMISSAL; DIRECTIONS TO CLERK** |
| v. | |
| ALLIANCE BANCORP, INC., et al., | |
| Defendants. / | |

By order filed July 19, 2011, the Court dismissed with prejudice plaintiff's claims against defendants U.S. Bank National Association ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS"), which claims were alleged in plaintiff's Second Amended Complaint ("SAC"). By separate order filed July 19, 2011, the Court afforded plaintiff leave to file a Third Amended Complaint ("TAC") for the limited purpose of stating any claim for relief she may have against Mortgage Electronic Registration System, Inc. ("MERS").[1]  The Court advised plaintiff that if, as of August 5, 2011, plaintiff had not filed a TAC, the Court would dismiss the instant action as against MERS.

Plaintiff has not filed a TAC within the time provided by the Court, and, accordingly, the instant action is hereby DISMISSED, with prejudice, as against MERS.

---

[1] Although the SAC identifies MERS as a "defendant" (see SAC ¶ 5), MERS was not named as a party to any of the eleven claims for relief alleged in the SAC.

The sole remaining "defendant" in the SAC is Quality Loan Services Corporation ("Quality"), which entity plaintiff alleges is the trustee under the deed of trust that is the subject of her claims against U.S. Bank and SPS. (See SAC ¶¶ 6, 30.) On July 15, 2011, Quality responded to the SAC by filing a Declaration of Nonmonetary Status, pursuant to § 2924l of the California Civil Code. Under § 2924l, a trustee may declare "non-monetary status" if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee," see Cal. Civ. Code § 2929 l(a), and, if no party objects to the declaration within fifteen days of its filing, the trustee "shall not be required to participate any further in the action" but will be "bound by any court order relating to the subject deed of trust," see Cal. Civ. Code § 2929l(d). Plaintiff has not filed an objection to Quality's declaration.[2]

As noted above, the claims for relief against U.S. Bank and SPS have been dismissed with prejudice. Moreover, plaintiff has not filed a TAC, and, consequently, has not asserted any claim for relief against MERS. Under such circumstances, and plaintiff having never made an allegation of wrongdoing against Quality, the Court hereby DISMISSES the SAC as against Quality.

The Clerk is hereby DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: August 10, 2011

MAXINE M. CHESNEY
United States District Judge

---

[2] The SAC does not include any claim for relief against Quality, let alone an allegation of wrongdoing by Quality.